UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PAUL SANTANA,<br><br>         Plaintiff,<br><br>v.<br><br>JOHN C. HEMMERLING, MARA W. ELLIOTT, and CAROLINA MENDOZA,<br><br>         Defendants. | Case No.:  21-CV-406-JO-JLB<br><br>**ORDER GRANTING IFP AND DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING OTHER PENDING MOTIONS AS MOOT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT** |

  On March 8, 2021, Plaintiff filed a Complaint and a Motion for Leave to Proceed In Forma Pauperis ("IFP"). For the reasons discussed below, the grants the IFP motion and the Complaint is dismissed without prejudice for lack of jurisdiction.

### DISCUSSION

**I. IFP**

  Upon review of Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

## II. Subject Matter Jurisdiction

The first step in a civil action in a United States district court is the "filing of a complaint with the court." FED. R. CIV. P. 3. Every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiff's complaint states:

> I was the victim of a crime. The City Attorney's Office gave me a restitution form but never gave me a restitution letter. Said office was never helpful and made me, the victim, feel like the criminal. As a consequence, no restitution letter was ever filed or documented or presented to me. The follow-up stated "statements you gave to the police about what occurred!! The same document states that I have the right to pursue compensation for damages through civil proceedings. I would like at least $25,000 if not equal to the amount lost by me. No less, plus [illegible], than what is legally owed to me by the crime committed against me. Plus tort damages.

Docket no. 1, pp. 2-3.

Plaintiff then alleges "Declaratory" and "Tort" with no further explanation and demands a jury trial. *Id.* Even under the most liberal reading, none of Plaintiff's current allegations provide a short and plain statement of the Court's subject matter jurisdiction. FED. R. CIV. P. 8(a)(1)-(3); *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

Thus, because Plaintiff's pleadings fail to allege federal jurisdiction or "state[] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), his action must be dismissed. Because Plaintiff is proceeding without counsel, however, the Court will sua sponte grant him an opportunity to amend. As noted above, however, Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. "Each allegation [in a pleading] must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed in forma pauperis is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction. All other pending motions are **DENIED** without prejudice as moot. The Court **GRANTS** Plaintiff leave to file an Amended Complaint. If Plaintiff chooses to file an Amended Complaint, he must do so on or before **April 28, 2022**. Failure to do so will result in the closing of this case.

**IT IS SO ORDERED**.

Dated: January 28, 2022

Honorable Jinsook Ohta
United States District Judge