UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PAUL SANTANA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN C. HERMMERLING, CAROL MENDOZA, and MARA W. ELLIOTT,<br><br>                    Defendants. | Case No.: 21-cv-406-JO-JLB<br><br>**ORDER DISMISSING IFP COMPLAINT WITHOUT PREJUDICE** |

On January 28, 2022, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's original complaint for lack of subject matter jurisdiction and failure to state a claim. The Court granted Plaintiff leave to amend, and Plaintiff timely filed his Amended Complaint on February 9, 2022. For the following reasons, the Court dismisses the Amended Complaint without prejudice.

Upon review of Plaintiff's Amended Complaint, the Court finds that Plaintiff still fails to set forth a valid claim or plead subject matter jurisdiction. In cases proceeding *in forma pauperis,* the Court is under a continuing duty to screen complaints and dismiss them if the Court determines that the action "fails to state a claim upon which relief can be granted." 29 U.S.C. § 1915(e)(2)(B)(ii). In his Amended Complaint, Plaintiff asserts that

the basis for federal subject matter jurisdiction in this case is "civil harassment' and "false claims act" and alleges the following to support his claims:

> The [defendants] retaliated on my lifted complaint before I got to serve a Declaration of Service. They uploaded a false document using the Federal efiling system that colluded the San Diego Harbor Police together with the US District Court of Southern [California]. The document was uploaded "in pro tunc". Further retaliation came in the form of retaliation in the community with several "book and releases" into the SD Central Jail using the CA Superior Court to keep me "quiet". I also incurred two [Vandalism] felony charges through [their] CA Superior Court."

Dkt. 14 at 4, ¶ III.

From the above, the Court is unable to discern the nature of the claims alleged against the named defendants nor how these claims present a federal question. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007). The Court, therefore, dismisses Plaintiff's Amended Complaint because he has failed to state a claim for relief and failed to plead federal subject matter jurisdiction. Because Plaintiff may be able to cure these deficiencies, the Court grants Plaintiff leave to amend. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).

Plaintiff may file a Second Amended Complaint that sets forth the basis of the Court's subject matter jurisdiction and states the claims that Plaintiff alleges against Defendants in this case **on or before November 15, 2022**. Failure to do so may result in dismissal of the case for failure to prosecute.

**IT IS SO ORDERED.**

Dated: 10/17/22

Jinsook Ohta
United States District Judge