UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PAUL SANTANA,<br><br>                          Plaintiff,<br><br>v.<br><br>JOHN C. HERMMERLING, CAROL MENDOZA, and MARA W. ELLIOTT,<br><br>                          Defendants. | Case No.: 21-cv-406-JO-JLB<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

Plaintiff Joshua Paul Santana, proceeding *pro se*, filed his original complaint on March 8, 2021. Dkt. 1. On January 28, 2022, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and dismissed the complaint for lack of subject matter jurisdiction and failure to state a claim. Dkt. 13. The Court granted Plaintiff leave to amend because of his *pro se* status, and Plaintiff timely filed his First Amended Complaint on February 9, 2022. On October 17, 2022, the Court again dismissed his complaint for lack of subject matter jurisdiction and failure to state a claim and granted Plaintiff leave to file an amended complaint on or before November 15, 2022. Dkt. 20. On November 7, 2022, Plaintiff filed a letter to the Court and has not filed any submissions since. Dkt. 25. Because the substance of the letter resembles his previous complaints, the Court liberally

construes this letter as a timely filed Second Amended Complaint. For the following reasons, the Court dismisses the Second Amended Complaint without leave to amend.

Upon review of Plaintiff's Second Amended Complaint, the Court finds that Plaintiff still fails to set forth a valid claim or plead subject matter jurisdiction. In cases proceeding *in forma pauperis,* the Court is under a continuing duty to screen complaints and dismiss them if the Court determines that the action "fails to state a claim upon which relief can be granted." 29 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

In his Second Amended Complaint, Plaintiff repeats his assertion that the basis for federal subject matter jurisdiction in this case is "civil harassment" and "false claims act" and alleges the following to support his claims:

> The defendants represent the City Attorney's Office of the City of San Diego. The federal question of 'civil harassment' arises through the police department's under their jurisdiction because of civil rights violations including persistent dispatch of complaints and extras department to any and all non-emergency calls and emergency calls that lead to an arrest and/or booking of an 'FBI-8' private citizen which may or may not constitute against 'color in law.' It is alleged that defendants may have used the electronic filing system of California to bring into federal question, 'false claims act,' because a document appeared on PACER that colluded the San Diego Harbor Police with the U.S. District Court. The police department aforementioned is also in the defendant's jurisdiction."

Dkt. 25 at 1–2.

Even applying a liberal standard to this *pro se* pleading, the Court is still unable to discern the nature of the claims alleged against the named defendants or how these claims present a federal question. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007). The Court, therefore, dismisses Plaintiff's Second Amended Complaint because he has failed to state a claim for relief and failed to plead federal subject matter jurisdiction.

The Court dismisses the Second Amended Complaint without leave to amend because Plaintiff has failed to cure these deficiencies despite previous opportunities to amend. In this case, the Court has explained the complaint's deficiencies to Plaintiff and granted him two opportunities to correct them. Plaintiff has failed to do so each time and it does not appear that he will be able to do so with future opportunities. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (a court dismisses with prejudice only when it is clear that amendment could not cure the defects). Because the Court finds that further opportunities to amend would be futile to cure, the Court DISMISSES Plaintiff's Second Amended Complaint without leave to amend and with prejudice.

**IT IS SO ORDERED**.

Dated: May 16, 2023

_____
Honorable Jinsook Ohta
United States District Judge